In re SIXTEENTH ST., FROM BROADWAY TO MITCHELL AVE., THIRD WARD, BOROUGH OF QUEENS, IN CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County. January 4, 1912.)

1. DEDICATION (§ 31*)—HIGHWAYS—ACCEPTANCE.

Although land has been dedicated for a street, it must be accepted before it is a public highway, either by an authorized body or officer or by common user, which is the equivalent of an express acceptance.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 64, 65; Dec. Dig. § 31.*]

2. EMINENT DOMAIN (§ 149*)—COMPENSATION—PROPERTY SUBJECT TO EASEMENT.

Land dedicated for a public street, but not accepted and subject to private easements for street purposes, is of value to the abutting owner, if not dissevered; and a nominal award for its condemnation is insufficient, for the fee lying in the bed of the street gives the owner the right to protect himself.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 327–331, 401; Dec. Dig. § 149.*]

3. EMINENT DOMAIN (§ 149*)—COMPENSATION—AWARD.

An award of $125 for the condemnation of land previously dedicated for a street and subject to private easement is a substantial award, and cannot be objected to on the ground that it is purely nominal.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 327–331, 401; Dec. Dig. § 149.*]

4. EMINENT DOMAIN (§ 101*)—CHANGE IN GRADE OF STREET—RIGHT TO COMPENSATION.

No matter how much land may be damaged for building purposes by a change of grade in the street, the owner is entitled to no damages unless his buildings are actually injured.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270; Dec. Dig. § 101.*]

5. EMINENT DOMAIN (§ 237*)—PROCEEDINGS FOR CONDEMNATION—REPORT OF COMMISSIONERS.

The report of the commissioners upon the condemnation of property for a street should not be rejected, on the ground that property owners

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

were not given an opportunity to cross-examine the city's experts, where it appeared that, had they used any diligence, they might have exercised that right.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

6. EMINENT DOMAIN (§ 237*)—PROCEEDINGS FOR CONDEMNATION—REPORT OF COMMISSIONERS.

The amount of an award upon condemnation of land is practically within the province of the commissioners, and should not be lightly disturbed, where it appears that they omitted no element of damage.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

In the matter of Sixteenth Street, from Broadway to Mitchell Avenue, Third Ward, Borough of Queens, in the City of New York. On objections to the confirmation of the report of the commissioners. Report confirmed.

Archibald R. Watson, Corp. Counsel, of New York City (Joseph J. Myers, of New York City, and Joseph G. Mathews, of Jamaica, of counsel), for the motion.

Parker, Hatch & Sheehan, of New York City (Ashley T. Cole, of New York City, of counsel), for Cord Meyer Co.

Alexander Brough, of New York City, for Franz Schulz.

BLACKMAR, J.   Objections are made to the confirmation of the report of the commissioners on the grounds, first, that only nominal damages were awarded for the fee taken for the street in front of the homestead, damage parcel No. 35; second, that no award was made for damages to the homestead by reason of the regulation of the street; and, third, that no opportunity was given for cross-examination of the city's witnesses as to damage parcel No. 37a.

[1] The elaborate brief of counsel for the owner of damage parcel No. 35 lays down a number of well-recognized and constantly applied rules of law.   Sixteenth street was not, prior to these proceedings, a public highway.   Although it had been dedicated by the owners, it had never been accepted; and to constitute a gift of a public highway, an acceptance is as essential as an offer.   There is no proof in this case either of an acceptance of the locus in quo by an authorized body or officer, or of that common user which is the equivalent of an express acceptance.

[2] But parcel 35 was subject to private easements for street purposes.   If it had been dissevered in ownership from the abutting land, it would, under the principle recognized in the Decatur Street Case and constantly applied, have been of no fee value.   It was not, however, dissevered in ownership, and had, therefore, such value to the abutting land as is stated in the Pratt and other following cases.   Under these circumstances, a nominal award for the fee of the land was not sufficient.   The fee lying in the bed of the street has some value to the abutting owner, viz., it gives him the right to protect himself against uses of the land for other than street purposes.   These principles are properly set forth in the brief of counsel.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[3] Up to this point, I concur with their claims. But I do not see how I can hold that $125 is an award of nominal damages. Nominal damages are those which are damages in name only, and have no substance. The award of $125 is a substantial award, although small. I think, in making this award, the commissioners apparently recognized and appreciated all the proper rules of law, and reached the conclusion that the taking of this strip of land, already burdened with private street easements, did not inflict any damage that was not compensated by an award of $125.

[4] There was no award to the homestead for the change of grade. Evidence was taken pro and con on this subject, and the commissioners decided that there was no basis for such an award. No matter how much a lot of land may be damaged for building purposes by the regulation of the street in change of grade, the owner is entitled to no damages. The basis for damages is injury to buildings only, and I think the decision of the commissioners was that the buildings standing on this homestead plot were not injured by the regulation of Sixteenth street. With this I see no sufficient reason for interfering.

[5] The owner of damage parcel No. 37a objects to the confirmation of the award on the ground that he did not have proper opportunity to cross-examine the city's experts, and also on the ground that the award was inadequate. The matter quoted in the brief and said to be on page 481 of the minutes is not on that page. However, I found it on page 471. Since that time there have been three or four meetings of the commissioners. If the owner's counsel had been sincerely desirous of cross-examining the city's witnesses, I think that by the exercise of a little diligence he could have found the opportunity.

[6] I cannot find that the commissioners have omitted any element of damages in making their awards. The amount of the award is practically within their province, and should not be lightly disturbed by the court.

The report is confirmed.